1
2
3
4              UNITED STATES DISTRICT COURT
5              WESTERN DISTRICT OF WASHINGTON
                        AT TACOMA

6  JOHN FITZGERALD WILLIAMS,
7                        Plaintiff,           No. C11-5334 RJB/KLS
8        v.
                                              ORDER TO AMEND OR SHOW CAUSE
9  WASHINGTON CORRECTION CENTER,
   JAMES P. TUCKER, SGT. QUANGA, C.D.
10 BOONE, C/O M. BARLETT, and FOOD
   MANAGER TRISH,
11
12                       Defendants.

13      This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28

14 U.S.C. § 636(b)(1), Local Rules MJR 3 and 4. Plaintiff's application to proceed *in forma*

15 *pauperis* has been granted under separate Order. On April 29, 2011, Plaintiff filed his proposed

16 civil rights complaint. ECF No. 1-1. After reviewing Plaintiff's proposed complaint, the court

17 finds that it is deficient.

18
                                    **DISCUSSION**
19
        Under the Prison Litigation Reform Act of 1995, the Court is required to screen
20
21 complaints brought by prisoners seeking relief against a governmental entity or officer or

22 employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint

23 or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that

24 fail to state a claim upon which relief may be granted, or that seek monetary relief from a

25
26

ORDER TO AMEND OR SHOW CAUSE- 1

defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).   Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).  Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies.  *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'"  *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted).   In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the

ORDER TO AMEND OR SHOW CAUSE- 2

particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff claims that there are birds flying in the kitchen/cafeteria, that the light fixtures are infested with bird feces, and that there is a 10 to 12 foot streak of bird feces on the wall in the cafeteria. He states that he addressed this issue in a 2009 grievance, but the conditions are now worse. He claims he has suffered mental and emotional distress and loss of weight because the conditions are degrading, cruel, and have ruined his appetite. He seeks $1 million in compensation.

The Eighth Amendment prohibits the imposition of cruel and unusual punishments and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102, 97 S. Ct. 285, 50 L.Ed.2d 251 (1976) (*quoting Jackson v. Bishop*, 404 F.2d 571, 579 (8th Cir.1968)). A prison official violates the Eighth Amendment only when two requirements are met: (1) the objective requirement that the deprivation is "sufficiently serious", *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L.Ed.2d 811 (1994) (*quoting Wilson v. Seiter*, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L.Ed.2d 271 (1991), and (2) the subjective requirement that the prison official has a "sufficiently culpable state of mind", *Id*. (*quoting Wilson*, 501 U.S. at 298). The objective requirement that the deprivation be "sufficiently serious" is met where the prison official's act or omission results in the denial of "the minimal civilized measure of life's necessities". *Id.* (*quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981)). The subjective

ORDER TO AMEND OR SHOW CAUSE- 3

requirement that the prison official has a "sufficiently culpable state of mind" is met where the prison official acts with "deliberate indifference" to inmate health or safety. *Id*. (*quoting Wilson*, 501 U.S. at 302-303). A prison official acts with deliberate indifference when he/she "knows of and disregards an excessive risk to inmate health or safety". *Id*. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*.

"[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir.1995). The Eighth Amendment also requires prisons to provide adequate sanitation. *See Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.s. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995) ("'(A)n institution's obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" (*quoting Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir.1981)).

In order to properly set out a claim of lack of sanitation, Plaintiff must allege facts describing the situation more fully. For example, he must allege when, where and how the lack of sanitation has affected him. He must also allege with more specificity the actions or non-actions of the Defendants named in his complaint. Plaintiff names the Washington Corrections Center and five individuals as Defendants. However, he fails to include any allegations as to the listed Defendants.

Under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right, *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981), and that neither a State nor its officials acting in their official capacities are

ORDER TO AMEND OR SHOW CAUSE- 4

"persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). are not persons for the purposes of 42 U.S C. § 1983. In *Will v. Michigan,* the United States Supreme Court specifically held that state government and branches of state government are not persons for the purpose of 42 U.S.C. § 1983. *Will*, 491 U.S. at 71. The Eleventh Amendment to the United States Constitution formed the basis for the Court's decision in that case. The Eleventh Amendment prohibits suit for damages against a state in Federal Court.

Absent a waiver, a state cannot be sued in Federal Court for damages. Washington State has not waived immunity or consented to be sued under 42 U.S.C. § 1983 in state or federal court. *Rains v. State of Washington*, 100 Wn 2d 660 (1983). Thus, the Washington Corrections Center is not a proper party to this lawsuit. Plaintiff must allege with specificity the names of the individual persons who caused or personally participated in causing the alleged deprivation of his constitutional rights and what they have done or failed to do that resulted in the deprivation of his constitutional rights.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff may file an amended complaint curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed no later than **June 10, 2011.** The amended complaint must set forth all of Plaintiff's factual claims, causes of action, and claims for relief. Plaintiff shall set forth his factual allegations **in separately numbered paragraphs** and shall allege with specificity the following:

(1)     the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)     the dates on which the conduct of each Defendant allegedly took place; and

(3)     the specific conduct or action Plaintiff alleges is unconstitutional.

ORDER TO AMEND OR SHOW CAUSE- 5

An amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court. The amended complaint must be **legibly rewritten or retyped in its entirety**, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended complaint. **Plaintiff is advised that he should make a short and plain statement of claims against the defendants. He may do so by listing his complaints in separately numbered paragraphs. He should include facts explaining how each defendant was involved in the denial of his rights.**

The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any Defendant who is not specifically linked to the violation of Plaintiff's rights.

ORDER TO AMEND OR SHOW CAUSE- 6

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **June 10, 2011**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff**.

**DATED** this  23rd  day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 7