UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN FITGERALD WILLIAMS,

                Plaintiff,

   v.

WASHINGTON CORRECTION CENTER,

                Defendant.

No. C11-5334 RJB/KLS

**REPORT AND RECOMMENDATION**
**Noted for: October 7, 2011**

On April 29, 2011, Plaintiff filed his proposed civil rights complaint. ECF No. 5. The Court found Plaintiff's complaint to be deficient and ordered him to file an amended complaint stating a viable cause of action under 42 U.S.C. § 1983, or to show cause why his complaint should not be dismissed. ECF No. 6. On June 1, 2011, Plaintiff filed an amended complaint (ECF No. 7), but the Court again declined to serve the amended complaint as it suffered from the same deficiencies as the original complaint. On July 7, 2011, the Court again ordered Plaintiff to amend his complaint. ECF No. 9. That Order was returned undeliverable as Plaintiff is no longer at the Washington Correction Center. ECF No. 10. The Clerk was directed to re-send the Court's Second Order to Amend or Show Cause to Plaintiff at the address he provided to the Court: 1711 South L Street, Tacoma, Washington 98405. Plaintiff was given additional time, until September 2, 2011, to file an amended complaint. ECF No. 11. He has not done so. The undersigned recommends that the action be dismissed.

REPORT AND RECOMMENDATION - 1

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." See *Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id.* at 1974.

Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Neither can the court supply essential facts that an inmate has failed to plead. *Pena*, 976 F.2d at 471 (quoting *Ivey v. Board of*

REPORT AND RECOMMENDATION - 2

*Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, "the complaint [must provide] 'the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Kimes v. Stone* 84 F.3d 1121, 1129 (9th Cir. 1996) (citations omitted). In addition, in order to obtain relief against a defendant under 42 U.S.C. § 1983, a plaintiff must prove that the particular defendant has caused or personally participated in causing the deprivation of a particular protected constitutional right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). To be liable for "causing" the deprivation of a constitutional right, the particular defendant must commit an affirmative act, or omit to perform an act, that he or she is legally required to do, and which causes the plaintiff's deprivation. *Johnson v. Duffy,* 588 F.2d 740, 743 (9th Cir. 1978).

In his original complaint, Plaintiff named the Washington Corrections Center (WCC), James P. Tucker, Sgt. Quanga, C.D. Boone, C/o M. Barlett, and Food Manager Trish, alleging that there are birds flying in the kitchen/cafeteria, the light fixtures are infested with bird feces, and there is a 10 to 12 foot streak of bird feces on the wall in the cafeteria. Plaintiff claimed that he addressed this issue in a 2009 grievance, but the conditions are now worse. He also claimed that he has suffered mental and emotional distress and loss of weight, and sought $1 million in compensation. ECF No. 5.

The Court advised Plaintiff that he had failed to sufficiently set out a claim of lack of sanitation because he alleged no facts as to when, where and how the lack of sanitation has affected him. Plaintiff was also advised that the Washington Corrections Center is not a proper party in a 42 U.S.C. § 1983 lawsuit and that he must allege with specificity the names of the

REPORT AND RECOMMENDATION - 3

individual persons who caused or personally participated in causing the alleged deprivation of his constitutional rights and what they have done or failed to do that resulted in the deprivation of his constitutional rights. ECF No. 6, pp. 4-5.

In response, Plaintiff amended his complaint to name only the Washington Corrections Center as Defendant. ECF No. 7, p. 1. He alleges that Food Manager Trish stated that the bird feces has been on the wall for years; that Sgt. Quinga told him to contact the CPM; and that C/O Boone and C/O Bartlett told him that the kitchen had been this way with birds hopping from table to table for years. *Id.*, p. 3.

"[S]ubjection of a prisoner to lack of sanitation that is severe or prolonged can constitute an infliction of pain within the meaning of the Eighth Amendment." *Anderson v. County of Kern*, 45 F.3d 1310, 1314 (9th Cir.1995). The Eighth Amendment also requires prisons to provide adequate sanitation. *See Hoptowit v. Ray*, 682 F.2d 1237, 1246 (9th Cir.1982), *abrogated in part on other grounds by Sandin v. Connor*, 515 U.s. 472, 115 S. Ct. 2293, 132 L.Ed.2d 418 (1995) ("'(A)n institution's obligation under the Eighth Amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care, and personal safety.'" (*quoting Wright v. Rushen*, 642 F.2d 1129, 1132-33 (9th Cir.1981)). However, under 42 U.S.C. § 1983, claims can only be brought against people who personally participated in causing the alleged deprivation of a right. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). Plaintiff has alleged only that he spoke with the food manager and various corrections officers about the bird feces present in the kitchen. There are, however, no allegations that any of these individuals caused or personally participated in causing any deprivation of his constitutional rights.

In addition, Plaintiff has already been advised that the Washington Corrections Center is

REPORT AND RECOMMENDATION - 4

not a proper party to a § 1983 action. Neither a State nor its officials acting in their official capacities are "persons" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In *Will v. Michigan,* the United States Supreme Court specifically held that state government and branches of state government are not persons for the purpose of 42 U.S.C. § 1983. *Will*, 491 U.S. at 71. The Eleventh Amendment to the United States Constitution formed the basis for the Court's decision in that case. The Eleventh Amendment prohibits suit for damages against a state in Federal Court. Absent a waiver, a state cannot be sued in Federal Court for damages. Washington State has not waived immunity or consented to be sued under 42 U.S.C. § 1983 in state or federal court. *Rains v. State of Washington*, 100 Wn 2d 660 (1983). Thus, the Washington Corrections Center is not a proper party to this lawsuit.

Based on the foregoing, Plaintiff was advised that he had failed to assert denial of a right secured by the Constitution or laws of the United States. Nevertheless, he was given an opportunity to show cause and/or file an amended complaint to cure, if possible, the deficiencies of his complaint. Plaintiff was given until September 1, 2011 to do so and was warned that if he failed to do so or failed to adequately address the issues raised in the Order to Show Cause, the Court would recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g). ECF No. 11, p. 7.

Plaintiff has not responded to the Court's Order to Show Cause and has not filed an amended complaint. Accordingly, it is recommended that this action be dismissed dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and that the dismissal should count as a "strike" under 28 U.S.C. § 1915(g).

# CONCLUSION

Although he was twice given leave to amend, Plaintiff failed to respond to this Court's order and has failed to file an amended pleading stating a cognizable claim under 42 U.S.C. § 1983. Accordingly, this case should be **dismissed without prejudice and the dismissal counted as a "strike" under 28 U.S.C. § 1915(g).**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **October 7, 2011**, as noted in the caption.

**DATED** this  21st  day of September, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6