UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN FITZGERALD WILLIAMS, | CASE NO. C11-5334RJB |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION DISMISSING PLAINTIFF'S COMPLAINT |
| v. | |
| WASHINGTON CORRECTIONS CENTER, | |
| Defendant. | |

This matter comes before the court on the Report and Recommendation of the Magistrate Judge. Dkt. 12. The court has considered the relevant documents and the file herein.

After considering and reviewing the record, this Court concurs with the conclusion of the Magistrate Judge. For purposes of clarity, this Court will also provide additional analysis.

I. FACTUAL BACKGROUND AND PROCEDURE

Plaintiff challenges the conditions of his confinement. Specifically, plaintiff alleges that there are bird feces on light fixtures and the cafeteria wall, which have caused him emotional distress and loss of weight. Dkt. 7, at 5. Plaintiff states that officers are aware of the problem and that the problem has gotten worse since he filed an initial grievance in 2009. *Id*.

Plaintiff filed a 42 U.S.C. §1983 prisoner civil rights complaint on April 29, 2011. Dkt. 5. The court found plaintiff's complaint to be deficient and ordered him to file an amended complaint explaining when, where, and how the lack of sanitation has affected him. Dkt. 6. Plaintiff filed an amended complaint on June 1, 2011. Dkt. 7. The amended complaint did not address previously-identified deficiencies, so the court again ordered plaintiff to properly amend his complaint on July 7, 2011. Dkt. 9. The court's second order was returned as undeliverable, because plaintiff was no longer incarcerated. The court re-mailed the order to an address provided to the court by plaintiff, and plaintiff was given until September 2, 2011 to amend. Dkt. 10. Plaintiff has failed to amend his complaint.

## II. STANDARD OF REVIEW

Under the Prisoner Litigation and Reform Act ("PLRA"), the court is obliged to screen and review prisoner civil rights complaints. 24 U.S.C.A. §1915A(a). If the court determines that a complaint is frivolous, malicious, or fails to state claim upon which relief may be granted, the court must dismiss the case. §1915A(b); Fed. R. Civ. Pr. 12(b)(6). A complaint is "frivolous" if it lacks an arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827 (1989). A complaint "fails to state a claim" if, even after construing all facts in favor of the plaintiff, the complaint still lacks either a cognizable legal theory or sufficient facts to support that theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990).

## III. DISCUSSION

Plaintiff alleges that the conditions of his confinement violate his Eighth Amendment right to be free from cruel and unusual punishment. Dkt. 7. In alleging a violation of his Eighth Amendment rights, plaintiff must make two showings: (1) an "objective" showing that the deprivation was "sufficiently serious" to form the basis for an Eighth Amendment violation; and

(2) a "subjective" showing that the prison official acted "with a sufficiently culpable state of mind." *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321 (1991).

Plaintiff had ample opportunity to amend his complaint. *See* Dkts. 6, 7, 9. The first time the Magistrate Judge ordered plaintiff to show cause, plaintiff's amended complaint re-stated much of the original complaint without adding substantive facts. *See* Dkt. 7. Plaintiff did not file a second amended complaint following a second order to show cause. *See* Dkt. 9. Therefore, the court considers whether plaintiff's amended complaint, with all facts construed in plaintiff's favor, states a claim amounting to an Eighth Amendment deprivation. Dkt. 7.

Plaintiff's complaint fails to state a claim as to either the "objective" or the "subjective" prong. First, plaintiff's complaint fails to state a claim sufficient to satisfy the "subjective" prong, which requires plaintiff to show that a prison official acted with a sufficiently culpable state of mind. The Report and Recommendation rightly identifies this flaw in plaintiff's complaint, pointing to plaintiff's failure to articulate how any officer personally participated in causing the deprivation. Dkt. 12, at 4. Without personal participation, an officer could not have had the requisite culpable state of mind. Plaintiff states that "Food Manager Trish" commented that bird feces has been on the wall for years; that Sgt. Quinga told plaintiff to contact the CPM; and that C/O Boone and C/O Bartlett told plaintiff that the kitchen had been that way for years. Dkt. 7, at 3. However, none of these observations about officers indicates a culpable state of mind. In fact, the grievance coordinator responded to plaintiff's complaint by identifying specific measures to be taken to fix the problem, suggesting at least a minimal degree of institutional sympathy. *See* Dkt. 7, at 4, 5.

Second, plaintiff's complaint fails to state a claim sufficient to satisfy the "objective" prong, because plaintiff did not allege sufficient facts to show that the alleged deprivation was

sufficiently serious. Minimal discomforts are inadequate to satisfy the objective prong, because routine discomforts are inherent within the prison context. *Wilson,* 501 U.S.at 298. Only "those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Id* (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)).

Although bird feces on a dining room wall is certainly not desirable in any context, the situation did not appear to have anything more than an emotional and psychological impact on plaintiff. *See* Dkt. 7, at 3-5. Plaintiff did not offer any specifics about the amount of feces, the duration of its presence, or its adverse effect on his physical health. *See id*. Plaintiff was not deprived of water, exposed to harsh weather conditions, or denied access to medical care. *See, e.g., Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (genuine issue of material fact regarding denial of cold water in extreme heat); *Williams v. Henry*, 596 F.Supp. 925 (D.C. Ill. 1994) (genuine issue of material fact regarding timeliness of treatment for inmate's heart condition). Therefore, plaintiff's allegation did not amount to an objective deprivation, especially since after incarceration only the "'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." <u>*Ingraham v. Wright, supra,* 430 U.S., 651, 670, 97 S.Ct., 1401, 1412</u> (1997) (quoting <u>*Estelle v. Gamble, supra,* 429 U.S., at 103, 97 S.Ct., at 290)</u> (citations omitted).

\* \* \*

Therefore, it is hereby

**ORDERED** that the Report and Recommendation (Dkt. 12) is **ADOPTED**, with the additional analysis above. Accordingly:

(1) This case is **DISMISSED WITHOUT PREJUDICE**;

1    (2) The **dismissal counts as a "strike"** under 28 U.S.C. §1915(g); and

2    (3) Plaintiff's **IFP status is revoked** for purposes of appeal.

3    The Clerk of the Court is instructed to send uncertified copies to this Order to all counsel

4 of record and to any party appearing *pro se* at said party's last known address.

5    DATED this 13th day of October, 2011.

*[Signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge